**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

BARBARA LONG-HARPER,

               Plaintiff,

v.

DEUTSCHE BANK NATIONAL TRUST CO.,
WAYNE COUNTY SHERIFF'S DEPARTMENT,
WARREN EVANS, THE WAYNE COUNTY
BOARD OF COMMISSIONERS, and THE
COUNTY OF WAYNE,

               Defendants.

                                          /

CASE NO. 10-10536

HON. MARIANNE O. BATTANI

**OPINION AND ORDER GRANTING WAYNE COUNTY DEFENDANTS'
MOTION TO DISMISS AND FOR SUMMARY JUDGMENT AND GRANTING
DEUTSCHE BANK'S MOTION TO DISMISS AND FOR SUMMARY JUDGMENT**

Before the Court is Defendant Wayne County, the Wayne County Board of

Commissioners, and Warren C. Evans's Motion to Dismiss and for Summary Judgment

Based on Fed. R. Civ. P. 12(b)(6) (Failure to State a Claim), 12(c) (Judgment on the

Pleadings), and 56(c) (No Genuine Issue of Material Fact) (Doc. No. 13), and Deutsche

Bank National Trust Co.'s Motion to Dismiss and for Summary Judgment (Doc. No. 16).

The Court has reviewed all the pleadings and finds oral argument will not aid in the

resolution of this dispute. See E. D. Mich. LR 7.1(e)(2). For the reasons discussed below,

the Court grants both motions.

**I.      INTRODUCTION**

Plaintiff Barbara Long-Harper filed suit in Wayne County Circuit Court alleging

Defendants Wayne County, the Wayne County Sheriff's Department, Wayne County

Commissioners, and former sheriff, Warren Evans (hereinafter Wayne County Defendants), and Deutsche Bank National Trust (Deutsche Bank) violated state and federal law during the foreclosure and sale of her home.

In Count I, Plaintiff asks for equitable relief to set aside the sheriff's deed as defective and, therefore, null and void. In Count II, Plaintiff alleges fraud based on her assertion that the sheriff's deed was deliberately falsified by Defendants to give the appearance that the statutory requirements for a foreclosure sale have been met. Compl. at ¶ 23. In Count III, Plaintiff alleges Defendants violated the Michigan Consumer Protection Act (MCPA), MICH. COMP. LAWS § 445.903, through their deceptive actions and failure to reveal the fact that they were not authorized to conduct mortgage foreclosure sales. In Count IV, Plaintiff alleges gross negligence relating to the wrongful eviction of Plaintiff from her real property. In Count V, Plaintiff brings a claim of denial of due process/taking without just compensation under 42 U.S.C. § 1983. In Count VI, Plaintiff brings a claim for civil conspiracy regarding denial of due process/taking without just compensation in violation of 42 U.S.C. § 1985. In Count IX [sic], Plaintiff asks for injunctive relief.

Defendants timely removed this matter to federal court, and it subsequently was reassigned to this Judge as a companion to Williams et al. v. Wayne County, et al., Case No. 09-14328. Although the Court scheduled these motions for oral argument, after the responses and replies had been filed, the Court reviewed the filings and cancelled the hearing.

## II. STANDARD OF REVIEW

"A pleading that states a claim for relief must contain. . .a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed.R.Civ.P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the. . .claim is and the grounds upon which it rests.' " Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, (2007) (quoting Conley v. Gibson, 355 U.S. 42, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer or for judgment on the pleadings after filing an answer. FED. R. CIV. P. 12(b)(6) & (c). "[T]he legal standards for adjudicating Rule 12(b)(6) and Rule 12(c) motions are the same. . . ." Lindsay v. Yates, 498 F.3d 434, 437 n. 5 (6th Cir. 2007).

"A complaint attacked by a Rule [12(c) motion for judgment on the pleadings] does not need detailed factual allegations." Twombly, 550 U.S. at 555 (citations omitted). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true. . . ." Id. at 555-56 (citations omitted).

3

Federal Rule of Civil Procedure 56(c) authorizes the Court to grant summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." There is no genuine issue of material fact if there is not a factual dispute that could affect the legal outcome on the issue. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In determining whether to grant summary judgment, this Court "must construe the evidence and draw all reasonable inferences in favor of the nonmoving party." Hawkins v. Anheuser-Busch, Inc., 517 F.3d 321, 332 (6th Cir. 2008). However, the nonmoving party "cannot rely merely on allegations but must set out specific facts showing a genuine issue for trial." Chappell v. City of Cleveland, 585 F.3d 901, 906 (6th Cir. 2009).

## III. ANALYSIS

The Court directs its attention to Plaintiff's Brief in Response to the dispositive motions, wherein she asked the Court to deny the motions. The basis of her opposition was contained in one sentence: "Plaintiff adopts and incorporates herein the Plaintiffs' Brief in Response to Defendant's Motion for Summary Judgment filed in the companion case, Case No. 09-cv-14328." (Doc. No. 19, p. 2). Here, the brief referenced by Plaintiff was filed in a separate action, albeit a companion case. Moreover, the Wayne County Defendants are defendants in the companion case, however, Deutsche Bank is not.

Rule 10(c) states that "[a] statement in a **pleading** may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." FED.

4

R. CIV. P. 10(c) (emphasis added).

The Court finds Rule 10(c) does not contemplate the incorporation requested by Plaintiff. First, a response brief is not a pleading, (see FED. R. CIV. P. 7); therefore, the Rule does not cover the request before the Court. Second, although Rule 10(c) "permits references to pleadings and exhibits in the same case. . . . there is no rule permitting the adoption of a [responsive brief]. . . in a different [matter] by mere reference." Tex. Water Supply Corp. v. Reconstr. Fin. Corp., 204 F.2d 190, 196 (5th Cir. 1953). See also U.S. v. Int'l Longshoremen's Ass'n, 518 F. Supp.2d 422 (E.D.N.Y. 2007) (holding that "[t]he reference to "prior pleadings" in Rule 10(c) is limited to prior pleadings in the same action, not pleadings in prior actions, even those involving the same parties").

Because the incorporation fails, the Court reviews the motions under Rule 56(e). Pursuant to subsection (3) of the rule, when a party "fails to properly address another party's assertion of fact as required by Rule 56(c), the court may "grant summary judgment if the motion and supporting materials–including the facts considered undisputed–show that the movant is entitled to it." FED. R. CIV. P. 56(e)(3).

The Court finds Wayne County Defendants are entitled to summary judgment. Plaintiff has failed to provide any evidence in support of her position that the Special Deputy was not appointed properly. Because all of her claims rest on this contention, there is no genuine issue of material fact relative to any of the counts of her Complaint.

In addition, Plaintiff's failure to contest Defendants' evidence that the special deputy that conducted the sheriff's sale was authorized to do so undermines her claims against Deutsche Bank.

## IV. CONCLUSION

Therefore, the Court **GRANTS** the motions.

**IT IS SO ORDERED.**


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Date:  February 8, 2011

## CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or electronically filed to counsel of record on this date.


s/Bernadette M. Thebolt
Case Manager